UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANKLIN R. DASHIELL, JR., | Case No. C06-1461-JCC-JPD |
| Petitioner, | |
| v. | |
| JEFFREY A. UTTECHT, | REPORT AND RECOMMENDATION |
| Respondent. | |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Franklin R. Dashiell, Jr., a prisoner incarcerated at the Washington State Penitentiary in Walla Walla, Washington, proceeds *pro se* and *in forma pauperis* in this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 4. Respondent has filed an answer to the petition, in which he argues that petitioner's claims are barred by operation of the federal habeas statute of limitations, 28 U.S.C. § 2244(d)(1). Dkt. No. 11. The relevant state court record in this case was filed on March 30, 2007. Dkt. No. 13. After careful consideration of the petition, response, governing law, and the balance of the record, the Court recommends that petitioner's § 2254 petition be DENIED as untimely and his case DISMISSED with prejudice.

REPORT AND RECOMMENDATION
PAGE - 1

## II.  FACTS AND PROCEDURAL HISTORY

In January 2002, police officers executed a search warrant on a residential apartment located in Everett, Washington.  Upon entering the apartment, they encountered petitioner, who fought with the law enforcement officers attempting to detain him, injuring one such officer.  A subsequent search of the apartment unearthed dozens of growing marijuana plants and other drug paraphernalia.

On April 19, 2002, petitioner pled guilty to manufacturing a controlled substance, resisting arrest, and third-degree assault in Snohomish County Superior Court.  Dkt. No. 13, Ex. 1.[1]  Ten days later, that court entered judgment against petitioner.  Dkt. No. 13, Ex. 1.  On October 23, 2002, a jury also found petitioner guilty of first-degree theft, residential burglary, bail jumping, and first-degree malicious mischief.  Dkt. No. 13, Ex. 2.  Two weeks later, he pled guilty to first-degree attempted escape.  Dkt. No. 13, Ex. 3.  Consecutive sentences were imposed.  Dkt. No. 13, Ex. 2 at 6, Ex. 3 at 6.

Petitioner did not appeal his convictions.  Instead, on December 15, 2005, he filed a motion to modify the judgment and sentence in Snohomish County Superior Court, claiming sentencing error and a double jeopardy violation relating to his April 2002 judgment and sentence.  Dkt. No. 13, Ex. 4.  That court transferred petitioner's motion to Division One of the Washington Court of Appeals, for consideration as a personal restraint petition ("PRP").  On April 4, 2006, the court of appeals dismissed the PRP on its merits.  Dkt. No. 13, Ex. 7.  Petitioner then filed a motion for discretionary review in the Washington Supreme Court, raising only the double jeopardy claim.  Dkt. No. 13, Ex. 8.  Review was denied by the Supreme Court Commissioner on May 1, 2006.  Dkt. No. 13, Ex. 9.  Petitioner's motion to modify the Commissioner's ruling was denied by a panel of the Washington Supreme Court on July 6, 2006.  Dkt. No. 13, Ex. 11.

---

[1]  Docket No. 13 comprises the relevant state court record.

REPORT AND RECOMMENDATION
PAGE - 2

01   On January 31, 2007, this Court directed service on petitioner's 28 U.S.C. § 2254
02 petition for writ of habeas corpus. Dkt. No. 6.  Respondent filed an answer to the petition on
03 March 7, 2007, and submitted the relevant state court record a day later. Dkt. Nos. 11, 13.
04 Petitioner's § 2254 petition and the complete record in this case are now before the Court.

05                              III.   CLAIMS FOR RELIEF

06   Petitioner's § 2254 petition argues that state court's imposition of consecutive
07 sentences for resisting arrest and third-degree assault violates the Double Jeopardy Clause of
08 the Fifth Amendment. Dkt. No. 4 at 4-12. Respondent's answer does not address the merits
09 of the petition. Rather, respondent argues that petitioner's claims are barred by operation of
10 the federal habeas statute of limitations, 28 U.S.C. § 2244(d)(1). Dkt. No. 11 at 3-4.

11                                    IV.   DISCUSSION

12   A.   AEDPA's Statute of Limitations Bars Petitioner's Claim

13   On April 24, 1996, the President Clinton signed into law the Antiterrorism and
14 Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214
15 (1996), which worked substantial changes in the law of federal post-conviction relief. One of
16 those changes was the adoption of a one-year statute of limitations for § 2254 petitions. *See*
17 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) states that the one-year limitations period runs
18 from the latest of:

19/20   (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

21/22   (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

23/24   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

25   (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

26 28 U.S.C. § 2244(d)(1).

The record before the Court makes clear that petitioner's § 2254 petition was not timely filed in accordance with AEDPA's one-year statute of limitations. Petitioner's judgment became final, for purposes of federal law, on May 29, 2002. Dkt. No. 13, Ex. 1; 28 U.S.C. § 2244(d)(1)(A); *Wixom v. Washington*, 264 F.3d 894, 898 (9th Cir. 2001). Thus, petitioner had until May 30, 2003, to file his § 2254 habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1245-46 (9th Cir. 2001) (noting that AEDPA's statute of limitations commences the day after a petitioner's conviction becomes final, in accordance with Fed. R. Civ. P. 6(a)).

On October 12, 2006, almost three-and-a-half years after the expiration of AEDPA's statute of limitations, petitioner filed his proposed federal habeas corpus petition. Dkt. No. 4. Indeed, petitioner's collateral challenge in *state court* came over two-and-a-half years after expiration of the limitations period. *See* Dkt. No. 13, Ex. 5. The fact that the state appellate courts dismissed his claims on its merits, rather than as time-barred under R.C.W. § 10.73.090, is of no moment. *See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 414-15 (2005). For federal habeas corpus purposes, the petition is time-barred under § 2244(d)(1). *Patterson*, 251 F.3d at 1246. The only circumstance in which the petition would not be time-barred is if AEDPA's statute of limitations was tolled.

B.  AEDPA's Tolling Provisions Do Not Save Petitioner's Claims

As noted above, petitioner filed a collateral attack against his judgment and sentence in this matter on December 15, 2005. *See* Dkt. No. 13, Ex. 4. AEDPA contains a provision that tolls the statute when such an attack is filed in state court. *See* 28 U.S.C. § 2244(d)(2). Additionally, AEDPA's statute of limitations is subject to equitable tolling under certain circumstances. Neither of these provisions, however, save the present petition from being time-barred under § 2244(d)(1).

1.  *Statutory Tolling*

01         AEDPA's statute of limitations may be tolled for "the time during which a properly filed

02 application for State post-conviction or other collateral review with respect to the

03 pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Thus, a PRP that is properly

04 filed prior to the running of the statute of limitations tolls that period. *Summers v. Schriro*, 481

05 F.3d 710, 712 (9th Cir. 2007). In this case, however, petitioner filed his PRP on December 15,

06 2005, after both AEDPA's statute of limitations and the pertinent state-law limitations periods

07 had expired. *See* 28 U.S.C. § 2244(d)(1); R.C.W. § 10.73.090. Petitioner's PRPs were thus

08 not "properly filed" under § 2244(d)(2) and as a result, AEDPA's statutory tolling provisions

09 do not apply. *See Pace*, 544 U.S. at 410.

10                 2.       *Equitable Tolling*

11        AEDPA's statute of limitations is also subject to equitable tolling. *Pace*, 544 U.S. at

12 418. However, equitable tolling is only applicable in limited circumstances. *Corjasso v. Ayers*,

13 278 F.3d 874, 877 (9th Cir. 2002) ("Equitable tolling is unavailable in most cases, and is

14 appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible

15 to file a petition on time.") (internal quotations omitted). To prevail on such an argument, the

16 petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and

17 (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418.

18        Here, petitioner alleges no "extraordinary circumstance" beyond his control that has

19 made it impossible for him to file a timely petition. Furthermore, no such evidence is apparent

20 from the Court's review of the record. Petitioner's misunderstanding of AEDPA's relevant

21 limitations period, *see* Dkt. No. 4 at 19, is insufficient to meet this burden. *See, e.g.*, *Turner v.*

22 *Johnson*, 177 F.3d 390, 392 (5th Cir .) (holding that prisoner's unfamiliarity with the legal

23 process or the lack of representation during the filing period did not warrant equitable tolling of

24 § 2244(d)(1)), *cert. denied*, 528 U.S. 1007 (1999); *Marsh v. Soares*, 223 F.3d 1217, 1220

25 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated

26 *pro se* petitioner, generally does not excuse prompt filing'" of a habeas petition) (quoting

REPORT AND RECOMMENDATION
PAGE - 5

*Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001)). Because the petition was filed after expiration of AEDPA's applicable statute of limitations, and because no evidence justifies statutory or equitable tolling, petitioner's claims should be dismissed as time-barred under 28 U.S.C. § 2244(d)(1). Consequently, it is not necessary to address the underlying substance of petitioner's arguments.

## V.  CONCLUSION

Petitioner filed his 28 U.S.C. § 2254 petition for writ of habeas corpus more than three years after the expiration of the AEDPA's one-year statute of limitations, 28 U.S.C. § 2244(d)(1). In addition, petitioner has not demonstrated that the statute should be tolled under 28 U.S.C. § 2244(d)(2), as his personal restraint proceedings in state court could not have acted to toll the period by statute, and petitioner made no equitable showing of extraordinary circumstances that made it impossible to file a petition on time. Accordingly, the Court recommends that petitioner's § 2254 petition be DENIED and his case DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 18th day of May, 2007.

/s/ James P. Donohue

JAMES P. DONOHUE
United States Magistrate Judge